(5 Misc. Rep. 324.)

## GLASS v. UNITED DOMESTIC SEWING-MACH. CO.

(City Court of Brooklyn, General Term.  October 23, 1893.)

AUTHORITY OF AGENT—EVIDENCE.

In an action for an alleged breach of a contract of employment, a motion to dismiss on the ground that there was no evidence that defendant's secretary had authority to employ plaintiff was properly denied, where the secretary testified that he generally made arrangements with defendant's employes and employed them.

Appeal from trial term.

Action by George D. Glass against the United Domestic Sewing-Machine Company for an alleged breach of a contract of employment.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

Plaintiff alleged a contract for a year, and that defendant wrongfully discharged him before the expiration of that period, and asked judgment for salary and commission for the balance of the year.  Defendant denied that there was a contract for a year, and justified the discharge on the ground that plaintiff was ordered to remove from New York city, and take charge of one of defendant's agencies at Boston or Newark, and that he wrongfully refused.  Plaintiff testified that he entered defendant's employ in 1873, and remained in it about 19 years.  About the last of October, 1891, he had a conversation with Mr. Blake, defendant's secretary, who asked him to take charge of defendant's retail offices in the east.  Mr. Blake offered him $2,500 a year and one-half of 1 per cent. on all remittances from the offices for sale of machines, forms, fashions, and merchandise.  Plaintiff accepted the proposition, and was told that the contract was to begin at once.  Mr. Blake's testimony was that he generally made the arrangements with defendant's employes, and employed them.  He said there was no agreement to employ plaintiff for a year.  In June, 1892, he asked plaintiff to take charge of an agency in Boston, and he refused.  He subsequently asked him to take charge of an agency in Newark, which plaintiff also refused.  Plaintiff testified that Mr. Blake offered him $3,000 to take charge of either of the agencies mentioned.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Herbert F. Andrews, for appellant.

Roswell W. Keene, for respondent.

CLEMENT, C. J.  The plaintiff at the trial, claimed that he was employed by the defendant for a year, and that before its expiration he was wrongfully discharged, and recovered for the unpaid salary after his discharge.  The defendant denied that the plaintiff was employed for a year, and contended that he was discharged for good cause.  The jury having found on the questions of fact in favor of the plaintiff, the appellant seeks a reversal of the judgment on two grounds:  First, that there was no evidence in the case that the secretary of the defendant, Mr. Blake, had authority to employ the plaintiff;  second, that the cause proven for the discharge of plaintiff was, on the undisputed testimony, sufficient.  On the authorities, the plaintiff was called upon to prove that the secretary had authority to bind the defendant, or to prove a ratification by the corporation of his acts.  Alexander v. Cauldwell, 83 N. Y. 480; Wilson v. Railroad Co., 114 N. Y. 487, 21 N. E. Rep. 1015; Jourdan v. Railroad Co., 115 N. Y. 380, 22 N. E. Rep. 153.  The plaintiff, be-

fore the contract in question, had been in the employ of defendant for a period of about 19 years, and the latter portion of the time at a yearly salary. The new contract called for services different from the previous employment. Plaintiff worked seven months before his discharge, and was paid for same by the defendant. Mr. Blake, the secretary, testified that he generally made the arrangement with the different employes of the company. The testimony was ample to justify the denial of the motion to dismiss, for the reason that there was evidence of authority on the part of Mr. Blake to employ the plaintiff. The plaintiff admitted that he had refused to comply with the orders of the officers of the company, but claimed that he was not bound to obey such orders under his contract. On this question, as the point was raised on a motion to dismiss or to direct a verdict, we will have to assume that the plaintiff told the truth. After carefully reading his testimony, we are satisfied that the defendant requested plaintiff to make a new contract to be performed at Boston, and also a new contract for services at Newark. In fact, Mr. Blake so understood, because he offered a higher salary, —$3,000 per year. The services which plaintiff was requested to perform were not included in the contract in suit. Judgment and order denying new trial affirmed, with costs.